ALONZO J. GRADFORD, SBN 244201
Law Office of Alonzo J. Gradford
1202 H Street, Suite C
Modesto, California 95354
Telephone: 209-408-0342
Facsimile: 209-408-0797
Email: alonzogradford924@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MUDDSAR KHAN**,<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF LODI, Michael Hitchcock, N. Woods, Yasir Khan, and Does 1 THROUGH 100**,<br><br>Defendants. | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

**COMPLAINT AND JURY TRIAL DEMAND**

PLAINTIFF, MUDDSAR KHAN, by and through his attorney, ALONZO GRADFORD, LAW OFFICES OF ALONZO GRADFORD, for his Complaint against Defendants, alleges as follows:

**PARTIES**

1.  Plaintiff, MUDDSAR KAHN, is a natural person.

2.  Defendant CITY OF LODI ("City") is a municipal corporation organized under the laws and Constitution of the State of California, and is a corporate entity capable of suing and being sued. Defendant City maintains and operates the City of Lodi Police Department which, in the

1

first instance, is responsible for the Facebook page for the Lodi Police Department and the photograph and description of Plaintiff's arrest it posted on its Facebook Page. Plaintiff is informed and believes that the LODI POLICE DEPARTMENT (hereinafter "LPD") is a subdivision of Defendant CITY OF LODI and that, for purposes of this complaint are one in the same entity.

3. Defendant, MICHAEL HITCHCOCK (hereinafter "HITCHCOCK") is, at all times relevant to this complaint, an officer with the LODI POLICE DEPARTMENT, employed by same, and is a resident of the County of San Joaquin.

4. Defendant, N. WOODS (hereinafter "WOODS") was, at all times relevant to this complaint, an officer with the LODI POLICE DEPARTMENT (CITY OF LODI), and employed by same.

5. Defendant, YASIR KAHN, is a natural person who posted on CITY OF LODI, Lodi Police Department's Facebook page regarding plaintiff.

6. The true names and capacities of Defendants sued herein as DOES 1-100, INCLUSIVE, are unknown to Plaintiff at this time; Plaintiff therefore sues such Defendants by such fictitious names; Plaintiff alleges that said Defendants are legally responsible for the damages claimed herein and Plaintiffs will amend this complaint when the true names and capacities of said Defendants are ascertained.

## INTRODUCTION

7. Defendants LODI POLICE DEPARTMENT and the officers responsible for uploading photographs and descriptions of arrestee's alleged crime on the LODI POLICE DEPARTMENT's Facebook page uploaded a photograph of Plaintiff and a description of the alleged crime he committed. Those who look at LODI POLICE DEPARTMENT's Facebook

page are able to post comments.  These comments and the dialogue amongst those viewing the page often suggest what should be done to the person, including things that would be a crime itself to commit against the arrestee. Encouraging foreseeable vigilante type behavior by those who view LODI POLICE DEPARTMENT's Facebook page.

8.     MUDDSAR KAHN, through his attorney, ALONZO GRADFORD, previously requested that his photograph and the description of his alleged crime be removed from LODI POLICE DEPARTMENT's Facebook page, as it was foreseeable someone might seek to inflict bodily injury on Plaintiff, as evidenced by some of the comments.  Defendants refused, and consequently, on January 10, 2021, at approximately 2:38 pm, Plaintiff was foreseeably physically attacked due to defendants' intentional acts, malfeasance, .and reckless disregard for the safety of both plaintiff and his attacker, and foreseeable injuries sustained by plaintiff and his attackers from plaintiff acting in self-defense.  By maintaining the website with posts from viewers, defendants are ratifying, condoning the foreseeable violent vigilante type behavior the Facebook page encourages.

9.     Yasir Khan called Plaintiff a CHOMO (child molester) and attacked Plaintiff who was shopping at Costco in Stockton.  Plaintiff suffered physical and emotional injuries as a result.  Despite this attack and a further request to remove plaintiff's photograph and description of the alleged crime from LODI POLICE DEPARTMENT's Facebook page, defendants, through their attorney, have refused to remove it, and it remains available to be viewed to this date, for which Plaintiff seeks general and compensatory damages, attorneys' fees, and injunctive relief.

**JURISDICTION AND VENUE**

10.    This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C.

§1983, et seq. and 28 USC 2202.  This Court has authority to award attorneys fees pursuant to 42 U.S.C. §1988. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims. Each and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the CITY OF LODI.

11.     INTRADISTRICT ASSIGNMENT: Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district.

## GENERAL ALLEGATIONS

12.     The Lodi Police Department ("LPD"), a branch of defendant CITY OF LODI, operates and maintains a Facebook page, with at least 35,000 followers, posting the name and photograph of people shortly after being arrested, before they have been convicted, if ever, and continue to keep the posts up indefinitely, regardless whether there is a conviction.  The LPD Facebook page allows people to comment on the posts with the photograph of the arrestee and description of the circumstances of the arrest.  As can be seen by the posts attached as Exhibit 1 to this Complaint, this encourages comments that support vigilante type behavior involving violence against the arrestee.

13.     There are over 491 posts regarding Plaintiff on the LPD Facebook page.  Excerpts from the comments are attached, and ones suggesting some form of violence against Plaintiff are indicated in the margin with an arrow.  LPD takes no action with regard to these comments on the Lodi Police Department Facebook Page that propose physical harm to Plaintiff, and fails to

discourage it. The comments have continued to remain online for over five years, making it foreseeable that someone may recognize Plaintiff and cause Plaintiff physical harm in the future, as stated in the Facebook comments about Plaintiff.

14. On January 10, 2021, at approximately 2:38 pm, Yasir Khan called Plaintiff a CHOMO (child molester) and attacked Plaintiff who was shopping at Costco in Stockton, located at 1616 East Hammer Lane, Stockton, California 95240. Yasir Khan is an individual who had previously posted a "like" on the LPD's Facebook page regarding Plaintiff on January 22, 2016. Yasir Khan punched Plaintiff with severe force straight to the face causing an immediate laceration of Plaintiff's lip. Several prior posts on LPD's Facebook page regarding Plaintiff suggest and encourage some form of harmful physical contact with Plaintiff such as "he should be strung up and be used as a pinata," "I think I've played basketball with this guy before. I wish I would've known what he's like. He could have ended up in the wall or an accidental no look pass to the nose," "Let her Dad have a crack at him . . . end of story" "Let Bubba have his way with him in jail." In light of these types of comments to information and photographs of Plaintiff that LPD chooses to publish on a platform made available to the public by LPD, that allows this type of commentary on LPD's Facebook page, this physical attack on Plaintiff was completely foreseeable, and preventable by LPD.

15. Despite requests made both before and after the January 10, 2021 incident, that the post with Plaintiff's photograph be removed from LPD's social media platform(s), Defendant, LPD (CITY OF LODI) has refused, and the post with Plaintiff's photograph, age and details about an alleged crime remain published to this date. Plaintiff is informed and believes that the details about Plaintiff, his photograph, age, and the description of the alleged crime that appear in the Facebook post, were provided by Officer Michael Hitchcock and Officer (N) Woods to LPD's

employees who are responsible for LPD's social media and news agency communications, whose identity is currently unknown to Plaintiff.

16. As a result of the foreseeable attack on Plaintiff on January 10, 2021, due to the publication by LPD of Plaintiff's photograph, name, age and details of an alleged crime, which has been up on LPD's Facebook page since January 22, 2016, plaintiff suffered an attack resulting in a laceration to his lip, abrasions and contusions to his face, head and forearm, soft tissue injury to his neck, loss of sleep, severe emotional distress, and ongoing anxiety and fear that Plaintiff may be attacked again in the future because the post with his photograph remains posted on LPD's Facebook page available for the public to this date, thereby encouraging further attacks on Plaintiff.

17. Plaintiffs duly filed a Government Claim against Defendants CITY OF LODI, Officers HITCHCOCK, AND WOODS, on July 9, 2021, and said claim was rejected by said Defendants by letter mailed August 9, 2021.

18. Plaintiff is informed, and believes, and thereon alleges that each Defendant was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in so doing the things alleged herein, were acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each Defendant herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

19. Plaintiff further alleges that at all material, applicable times, each Defendant was engaged in separate tortious activity, resulting in the deprivation of Plaintiff's federal and state

Constitutional rights, and other harm. At all material times each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

20. The acts and omissions of Defendant Public Entities and their employees and agents, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of said Public Entities. 1

21. At all material times, CITY OF LODI, and Defendants, HITCHCOCK, WOODS, and DOES 1 to 100, acted under color of the laws, statutes, ordinances, and regulations of the State of California, as alleged herein, causing plaintiff severe emotional distress, and physical injury to plaintiff MUDDSAR KAHN's person .

22. At all material times and, alternatively, the actions and omissions of each defendant were negligent, and/or intentional, and/or wanton, and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiff's rights.

## FIRST CAUSE OF ACTION

**42 USC Sec. 1983 and 1986- Unlawful Customs, Policies, Habits, or Procedures AGAINST CITY OF LODI (Lodi Police Department)**

23. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs I through 22 above, as though fully set forth herein.

24. Plaintiff alleges, upon information and belief, the unconstitutional actions and/or omissions of the individually named CITY OF LODI Defendant police officers herein, MICHAEL HITCHCOCK, N. WOODS, and DOES 1 through100, whose identity is currently unknown to plaintiff, were pursuant to the customs, policies, practices, and/or procedures of the CITY OF LODI, LPD, which were directed, encouraged, allowed, and/or ratified by policy

making officials for the CITY OF LODI, including failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights.

25. The customs, policies, practices, and/or procedures of the CITY OF LODI, LPD, were a moving force and/or a proximate cause of the deprivations of Plaintiffs constitutional rights, in violation of 42 USC Sec. 1983, et seq., as more fully set forth above.

26. As a proximate result of the foregoing customs, policies, practices, and/or procedures of the CITY OF LODI, LPD, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, and attorneys' fees.

27. Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

**SECOND CAUSE OF ACTION**

**CIVIL RIGHTS ACT OF 1964, 42 USC Sections 1983 and 1985**

**Conspiracy to Violate Plaintiff's Constitutional Right**

Against Defendants Hitchcock, Woods, Yasir Kahn, and Does 1 through 100

28. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs I through 27 above, as though fully set forth herein.

29. Defendants, officers HITCHCOCK and WOODS, Does, and Yasir Kahn, through the use of Lodi Police Department's social media, conspired to deprive plaintiff of his constitutional rights, acting under color of law, including also conspiring to commit physical acts of violence on plaintiff's person as suggested in the posts on LPD's social media page which permits

comments, and fails to discourage the behavior posted in the comments to the information posted by defendants.

30. As a proximate result of the foregoing Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, and attorneys' fees.

31. The acts of the individual Defendants were willful, wanton, with reckless disregard for Plaintiff's safety, and the safety of others, for which plaintiff requests punitive damages against the individual defendants.

32. Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

## THIRD CAUSE OF ACTION

## Invasion of Plaintiff's Privacy

## Under Federal and State Constitution

## Against CITY OF LODI, MICHARL HITCHCOCK AND DOES 1 THROUGH 100

33. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs I through 32 above, as though fully set forth herein.

34. Defendants posted plaintiff's image, age and description of the criminal allegations against him on the social media, including the Lodi Police Departments Facebook page.

35. As a proximate result of the foregoing acts and omissions, Plaintiff sustained injuries and damages, as set forth above when he was attacked by Yasir Kahn who saw the post by

defendants on the Lodi Police Department's Facebook page. It was foreseeable, as demonstrated by the posts of people viewing the Lodi Police Department's Facebook page, that someone would engage on physical violence against Plaintiff, which in fact occurred. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, and attorneys' fees.

36. The acts of the individual Defendants were willful, wanton, with reckless disregard for Plaintiff's safety, and the safety of others, for which plaintiff requests punitive damages against the individual defendants.

37. Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

## FOURTH CAUSE OF ACTION

### Violation of California Civil Code Section 52.1

### Against Defendants CITY OF LODI, MICHAEL HITCHCOCK, N. WOODS, AND DOES 1 THROUGH 100

38. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs I through 37 above, as though fully set forth herein.

39. The conduct of defendants, as alleged above, violated Plaintiff's civil rights, and was and is a violation of California Civil Code §52.1.

40. Defendant, CITY OF LODI is liable under California Government Code Sec. 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

41. As a proximate result of the foregoing acts and omissions, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, and attorneys' fees.

42. Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### Against Defendants CITY OF LODI, MICHAEL HITCHCOCK, N. WOODS, YASIR KAHN AND DOES 1 THROUGH 100

43. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs I through 42 above, as though fully set forth herein.

44. Defendants intentionally engaged in acts that resulted in Plaintiff suffering severe emotional distress with attendant physical manifestations, thereby entitling Plaintiff to damages pursuant to California law.

45. Defendant CITY OF LODI is liable under California Government Code Sec. 815.2 for injuries proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

46. As a proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against the individual Defendants, in their individual capacities.

47. Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

**WHEREFORE, plaintiff prays that this Court:**

(a) Enter judgment against the defendant;

(b) Enter a declaratory judgment declaring the acts of the defendant to be a violation of plaintiff's constitutional rights to freedom of speech, equal protection, and due process;

(c) Issue a declaratory judgment declaring that the custom, practice and policy of the CITY OF LODI, Lodi Police Department, in posting the image, name, age, and details of alleged crime, violates Plaintiff's Constitutional rights, and is unconstitutional;

(d) Issue a declaratory judgment declaring that the custom, practice and policy of the CiITY OF LODI, Lodi Police Department is unconstitutional as enforced and as applied;

(e) Issue a temporary restraining order, and a preliminary and permanent injunction enjoining defendants, their agents, servants, employees, officers and the City of Lodi Police Department from continuing to post Plaintiff's image, age and description of the alleged crime;

(f) Award general damages against the CITY OF LODI;

(g) Award punitive damages against the individual defendants;

(h) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other relevant statutes; and,

(i) Order such other and further relief as the Court deems just and proper under the circumstances.

Dated: February 9, 2022


/s/Alonzo Gradford

ALONZO GRADFORD, ESQ. ATTORNEY FOR PLAINTIFF